NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2020*
Decided May 4, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3454

| | |
|---|---|
| LAMONTE A. EALY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 19-C-1630 |
| | |
| BREA GRIFFIN, *et al.*, | William C. Griesbach, |
| *Defendants-Appellees*. | *Judge.* |

**O R D E R**

Lamonte Ealy, a Wisconsin prisoner, sued police officers, prosecutors, his defense attorneys, and others under 42 U.S.C. § 1983 based on events occurring before, during, and after his criminal trial. The district court dismissed the complaint at screening for failing to state a claim, 28 U.S.C. § 1915(e)(2)(B), and we affirm.

---

* The district court dismissed the complaint in this case at screening before any defendant had appeared. 28 U.S.C. § 1915(e)(2)(B). The appellees are not participating in this appeal. We agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Ealy accuses nearly everyone involved with his criminal case of violating his constitutional rights. His arrest, he alleges, lacked probable cause because it was based on a witness's lies to the police. Evidence obtained from his home under a search warrant supported by those lies, he continues, was illegally acquired by the police, improperly used by prosecutors, and should have been objected to by his lawyers. He concludes that he was then wrongfully convicted based on insufficient evidence. Ealy seeks "injunctive relief" from his criminal judgment and damages from the defendants.

The judge dismissed his complaint at screening as legally deficient. Regarding the police who arrested him and searched his home, the judge explained, Ealy did not allege that they knew that the information on which they relied was false. The judge reasoned that the prosecutors were immune from suit because Ealy's allegations concerned only their prosecutorial duties. And his defense attorneys and witnesses at his trial were not state actors subject to liability under § 1983. Finally, for the remaining defendants, Ealy raised no allegations relevant to any of his claims.

On appeal Ealy argues that his criminal convictions "can't be upheld." He protests that the jury's verdicts were inconsistent and his punishment was impermissibly based on multiplicitous counts. But in so arguing Ealy is contesting the validity of his convictions and sentence, so his sole federal remedy is a petition for a writ of habeas corpus, not a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 500 (1973).

Ealy also argues that he adequately pleaded damages claims against the police for arresting him based on a witness's lies and against his attorneys and state prosecutor for accepting those lies. These claims have insuperable fatal flaws. First, to the extent that Ealy alleges that the same witness's "lies" that led to his arrest were also repeated at trial and necessarily produced his conviction, proof of these claims would necessarily imply the invalidity of his still-intact conviction and run afoul of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See Okoro v. Callaghan*, 324 F.3d 488, 489–90 (7th Cir. 2003). Second, police acquire probable cause to arrest when an eyewitness states that a crime occurred, just as Ealy alleges happened here, unless the police have good reason to doubt the veracity of the statement. *Askew v. City of Chicago*, 440 F.3d 894, 895–96 (7th Cir. 2006). But Ealy does not specify in his complaint any information known to the arresting officer that undermined the witness's report. In his brief on appeal, he argues that the officer "knew or should have known" that the witness was lying because the officer "recklessly disregarded the truth and accurate information." This is a legal conclusion that is still devoid of any factual information known to the officer. "While

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Finally, apart from the obstacle of *Heck*, the judge correctly observed that prosecutors are absolutely immune for prosecutorial decisions, *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976), and (with exceptions not applicable here) defense attorneys are not state actors subject to suit under § 1983, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

This appeal counts as a second "strike" for purposes of 28 U.S.C. § 1915(g).

AFFIRMED